REQUESTED BY: William E. Peters, State Tax Commissioner, Department of Revenue, Box 94828, State Capitol, Lincoln, Nebraska 68509.
Yes.
It is true that the court in Obitz said, in the context of that case, that the tax was not a city tax, and in Willms this language was quoted with approval. However, both cases also emphasized that the airport authority was an agency of the city. Moreover, section 77-656, states that the valuation to be placed upon the terminal property is to be the true value, "so that the same may be taxed on the same basis as other property is required to be taxed within such city or village.'
Section 77-666, provides for applying the "rate of general levies for municipal purposes applicable to all property in such city or village' to property assessed under sections 77-636 to 77-675. It is at least arguable that the levy for the support of the airport authority, an agency of the city, is a levy for "municipal purposes', even though it is not a levy by the city itself. The tax is certainly applicable to all other taxable property in the city or village, and we find nothing which specifically limits the levies to those made by the city or village itself.
However, we do not believe it is necessary to determine whether section 77-666 authorizes the imposition of this tax on this property, because section 3-504(12), R.S.Supp., 1976 clearly does. That subsection provides in part:
"Any authority established under the provisions of this act shall have power:
". . . .
 "(12) To certify annually to the governing body of the city the amount of tax to be levied for airport purposes, which the authority requires under its adopted budget statement to be received from taxation, not to exceed one mill on the dollar upon the assessed valuation of all the taxable property in such city, except intangible property, and the governing body shall levy and collect the taxes so certified at the same time and in the same manner as other city taxes
are levied and collected, and the proceeds of such taxes when due and as collected shall be set aside and deposited in the special account or accounts in which other revenue of the authority is deposited; . . ."
(Emphasis Supplied)
We find it significant that the Legislature specifically referred to this as a "city tax". Furthermore, the property in question is clearly "taxable property' in the city, and the above-quoted language requires the tax to be levied upon it.
We are particularly constrained to reach such a conclusion because of the constitutional difficulties we would encounter with the opposite conclusion. Article VIII, Section1 of the Nebraska Constitution requires taxes to be levied by valuation uniformly and proportionately upon all tangible property. Article VIII, Section 2 provides that no property shall be exempt from taxation except as provided in the Constitution. Article III, Section 18 forbids the Legislature to grant to any corporation, association, or individual any special or exclusive privileges, immunity, or franchise.